Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5606 | **DATE** | 5/8/2001 |
| **CASE TITLE** | Marchese, et al. vs. Dobry, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/12/01 at 11:00AM.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Marchese's motion to dismiss Count II of the counterclaim is granted with prejudice; Count III of the counterclaim is dismissed without prejudice; and Dobry is granted 30 days to amend this claim.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 0 9 2001 | |
| | Notified counsel by telephone. | date docketed | 31 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| JD | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD MARCHESE, )
)
Plaintiff, )
)
v. )
)
GARY DOBRY, )
)
Defendant. ) 00 C 5606
) Judge George M. Marovich
)
GARY DOBRY, )
)
Counter-plaintiff, )
)
v. )
)
RICHARD MARCHESE, )
)
Counter-defendant. )

MEMORANDUM OPINION AND ORDER

Plaintiff Richard Marchese ("Marchese") filed a Complaint against Gary Dobry ("Dobry") alleging defamation, intentional infliction of emotional distress and invasion of privacy. In response, Dobry filed a Counterclaim against Marchese alleging intentional infliction of emotional distress (Count I)[1], false process (Count II) and commercial disparagement (Count III). Marchese has moved to dismiss Counts II and III of the

---

[1] Dobry voluntarily dismissed this count.

1



Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants Marchese's motion to dismiss Counts II and III of the Counterclaim.

BACKGROUND

The Counterclaim alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). For the past two years, Dobry has been using Internet investor message boards and chat rooms to perform due diligence on certain stocks. His due diligence involved researching, as well as posting messages. Through these message boards and chat rooms, Dobry has become acquainted with individuals, including Marchese, who he believes may have been involved in "unscrupulous and/or unlawful activities in an effort to inflate or deflate the prices of stocks." (Countercl., ¶ 7) During the course of his research, Dobry discovered that Marchese had posted messages (using alias screen names) pertaining to Dobry. Through these messages, as well as through telephone calls to Dobry, Marchese has made contact with Dobry "with the intent of harassing and intimidating Dobry through implied threats of bodily injury or death; threats of repetitive lawsuits and judgments; threats to Dobry's parents and business relations; dissemination of Dobry's personal

2

information over the Internet; threats to take over Dobry's boxing gym; and defamation of Dobry, intended to adversely affect his livelihood as an artist; all for the sole purpose of stifling Dobry's investigation of stocks and silencing his questions and criticism." (Countercl., ¶ 9)

Dobry's Counterclaim alleges false process and commercial disparagement. Marchese has filed the present motion seeking to dismiss these claims.

## DISCUSSION

### I. Standard for a Motion to Dismiss

The relevant standard for a motion to dismiss a counterclaim is identical to the standard for a motion to dismiss a complaint. Fed. R. Civ. P. 12(b). When considering a motion to dismiss, a court must view the counterclaim's allegations in the light most favorable to the counter-plaintiff, and all well-pleaded facts in the counterclaim must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that a counter-plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

While the federal rules require only notice pleading, a counterclaim "which merely recites bare legal conclusions" cannot

3

survive a motion to dismiss. <u>Illinois v. Roland</u>, 812 F. Supp. 855, 862 (N.D. Ill.1993). To withstand a motion to dismiss, a counterclaim must allege facts which sufficiently set forth the essential elements of the cause of action. <u>Gray v. County of Dane</u>, 854 F.2d 179, 182 (7th Cir. 1988). In evaluating a motion to dismiss, the Court need not "assign any weight to unsupported conclusions of law." <u>Id.</u> To provide fair notice, a counterclaim "must at least 'include the operative facts upon which a plaintiff bases his claim.'" <u>Lucien v. Preiner</u>, 967 F.2d 1166, 1168 (7th Cir. 1992)(quoting <u>Rodgers v. Lincoln Towing Service, Inc.</u>, 771 F.2d 194, 198 (7th Cir. 1985)).

II. <u>Abuse of Process</u>[2]

Under Illinois law, a claim for abuse of process must indicate the existence of an ulterior purpose or motive for the use of regular court process, and an act in the use of process not proper in the regular prosecution of a suit. <u>McGrew v. Heinhold Commodities, Inc.</u>, 497 N.E.2d 424, 429 (1st Dist. 1986). The mere filing of a suit, even if the filing party had malicious

---

[2] Count II is entitled "False Process", however, as Marchese correctly pointed out in his motion, "false process" is not a cognizable cause of action in Illinois. In his response, Dobry conceded that he intended to plead a cause of action for abuse of process. Therefore, this Court treats Count II as an abuse of process claim.

4

intent, does not constitute abuse of process. <u>Withall v. Capitol Federal Savings of America</u>, 508 N.E.2d 363, 368 (1st Dist. 1987).

The Counterclaim alleges no improper use of the process beyond the actual filing of the Complaint. Specifically, Count II clearly states that "[t]he filing of this action by Marchese constitutes an abuse of process." (Countercl., ¶ 17) This is legally impossible since Illinois law unequivocally requires acts beyond the mere filing of a complaint to create a cause of action for abuse of process. See <u>Id.</u> In his response to the motion to dismiss, Dobry ignores this failure to plead an improper use of process (an issue raised by Marchese in his motion). Because the filing of a Complaint alone cannot constitute abuse of process and because Dobry has failed to allege any other improper use of process by Marchese, Count II of the Counterclaim alleging abuse of process must be dismissed.

III. Commercial Disparagement

While it is in dispute whether commercial disparagement is still a cognizable claim in Illinois, for the purposes of this motion, this Court will assume that such a claim is still actionable. See <u>Cohabaco Cigar Co. v. United States Tobacco Co.</u>, No. 98 C 1580, 1998 WL 773696, at *9-10, (N.D. Ill. Oct. 30, 1998). "To state a cause of action for commercial disparagement,

5

the Plaintiff must show that the Defendant made false and demeaning statements regarding the quality of another's goods and services." Appraisers Coalition v. Appraisal Institute, 845 F. Supp. 592, 610 (N.D. Ill. 1994)(citation omitted). Dobry's Counterclaim contains no such allegations. In the only substantive paragraph contained in Dobry's Count III, he states: "Marchese, has . . . posted false and disparaging statements regarding Gary Dobry, Pug's Boxing and Fitness Center, Inc., a/k/a Pug's Gym and Dobry's educational, employment, and alleged criminal history, all of which have adversely affected his ability to profitably conduct his business affairs as a gym operator, artist and writer." (Countercl., ¶ 21) This statement does not put Marchese on notice of any "false and demeaning statements regarding the quality of [Dobry's] goods and services." Id. (emphasis added) Rather, this statement is primarily a bare legal conclusion. The allegation that Marchese made false or disparaging statements which affected the profitability of Dobry's businesses does not serve to fairly put Marchese on notice of the claim. Dobry's Counterclaim is totally void of any allegation of what the disparaging statements regarding his products or services were or what damage the statements caused Dobry's commercial enterprises.

6

For these reasons, the Court finds that Dobry's commercial disparagement claim requires amendment. With respect to the commercial disparagement claim only, Dobry is given thirty days to amend his Counterclaim to include: (1) a more definite assertion of the alleged disparaging statements; and (3) the damages Dobry suffered as a result of the alleged disparaging statements. For this reason, Marchese's motion to dismiss Dobry's commercial disparagement claim is granted, without prejudice.

## Conclusion

For the reasons set forth above, Marchese's motion to dismiss Count II of the Counterclaim is granted with prejudice; Count III of the Counterclaim is dismissed without prejudice; and Dobry is granted 30 days to amend this claim.

ENTER:

George M. Marovich
United States District Judge

DATED: May 8, 2001